**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NATHAN HOLZBERG,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. MJM-25-1348** |
| **MONIQUE HAWKINS,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Self-represented plaintiff Nathan Holzberg ("Plaintiff") initiated this civil action against Monique Hawkins ("Hawkins"), an employee of the United States Postal Service ("USPS"), asserting one count of libel and seeking money damages. ECF No. 5 (Compl.). This matter is before the Court on the motion of the United States to substitute itself for Hawkins as the proper defendant, ECF No. 4, the Government's motion to dismiss the Complaint or, in the alternative, for summary judgment, ECF No. 18; and Plaintiff's motion to remand the case to state court, ECF No. 8, and motion for partial summary judgment, ECF No. 22. No hearing is necessary to resolve these motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant the United States' motions and deny Plaintiff's motions.[1]

[1] The United States also filed a motion for enlargement of time to respond to the Complaint, ECF No. 3, which is granted *nunc pro tunc* for good cause.

# I. BACKGROUND

## A. Factual Background[2]

On January 2, 2025, Plaintiff was on duty as a Sergeant with the USPS's Postal Police. ECF No. 5 at 1. While on duty, he was involved in an incident with Hawkins, his subordinate. *Id.* Plaintiff alleges that Hawkins physically prevented him from shutting his office door. *Id.* In response, he used "minimal force" to close the door, seeking "to deescalate the confrontation, restore [himself and Hawkins] to operation readiness to perform [their] duties, and terminate [Hawkins's] criminal harassment and false imprisonment . . . ." *Id.* at 1–2. Plaintiff's supervisor investigated the incident, finding "that Plaintiff was not the aggressor[.]" *Id.* at 2. Nonetheless, USPS took "excessive, discriminatory . . . , and lopsided disciplinary action" against Plaintiff, which included placing Plaintiff on administrative leave twice. *Id.* Additionally, Plaintiff claims that USPS personnel made discriminatory statements against him and attempted to suppress his supervisor's investigative finding that he was not the aggressor. *Id.*

On the day of the incident, Hawkins submitted a written statement to the Postal Police ("Voluntary Statement") describing her account of what occurred. *Id.* at 2, 10–11. The Voluntary Statement was not signed under oath, *i.e.*, under the penalty of perjury. *Id.* at 2–3. The next day, Hawkins submitted an Application for Statement of Charges ("Statement of Charges") to the District Court of Maryland for Baltimore City, attempting to file "a criminal second-degree assault charge against [] Plaintiff." *Id.* at 3. The Statement of Charges was signed under oath. *Id.* According to Plaintiff, Hawkins was more "forthcoming and truthful with regard to monumental details" in the Statement of Charges than in the Voluntary Statement and did not subsequently correct discrepancies in the latter. *Id.* at 4. In the Voluntary Statement, Hawkins "purposefully and

[2] The following facts are drawn from allegations in the Complaint (ECF No. 5).

[maliciously] disseminated false information" to the Postal Police. *Id.* According to Plaintiff, there were enough inconsistencies between the Voluntary Statement and the Statement of Charges to affect a reader's perception of Plaintiff's character and the facts of the incident. *Id.*

Plaintiff alleges that Hawkins is liable under the Federal Tort Claims Act ("FTCA") for the statements made in the Voluntary Statement, as she "knowingly published" those statements, the publication "was not within the scope of regular and normal Postal Police duties," and it was done "with obvious malice." *Id.* at 4. Plaintiff adds that, although the Statement of Charges contained inaccuracies and suffered from "many omissions," he is not presently alleging that it constitutes libel. *Id.* at 5. As a result of "[t]he false information written in the . . .Voluntary Statement," Plaintiff has suffered reputational harm within the Postal Police and among his colleagues; the loss of opportunity for overtime and night differential pay due to being placed on administrative leave; excessive stress that required professional assistance; and the Postal Police's attempted denial of his workers' compensation benefits, using Hawkins' Voluntary Statement as evidence. *Id.* Plaintiff seeks over $100,000 in monetary compensation, with damages "currently increasing as proceedings continue." *Id.*

**B. Procedural History**

On March 16, 2025, Plaintiff filed a Complaint against Hawkins in the Circuit Court of Maryland for Baltimore City. *See* ECF No. 1, ¶ 1; ECF No. 5-1 at 1. On April 3, 2025, the United States Attorney's Office received a copy of the Complaint from USPS. ECF No. 1, ¶ 2. On April 24, 2025, acting pursuant to 28 U.S.C. § 2679(d) (the "Westfall Act"), Assistant United States Attorney Thomas Corcoran, the Chief of the Civil Division of United States Attorney's Office for the District of Maryland, executed a certification that Hawkins was acting within the scope of her employment at the time of the alleged incidents described in the Complaint, including publication

of the Voluntary Statement and the Statement of Charges. *Id.* ¶ 4; ECF No. 1-3. Four days later, the United States removed the action from state court to this Court, noting that, "[b]ecause this is a civil action against the [USPS], [this Court has] original jurisdiction over it." ECF No. 1, ¶ 3 (citing 28 U.S.C. § 1442(a)). That same day, the United States moved the Court for an extension of sixty days to file an initial response to the Complaint and to substitute itself for Hawkins. ECF Nos. 3 & 4. On May 16, 2025, Plaintiff filed a motion to remand the case to state court. ECF No. 8. The United States filed a response in opposition to Plaintiff's motion, ECF No. 11, and Plaintiff replied, ECF No. 14.

On June 25, 2025, the United States filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 18, and Plaintiff filed a response in opposition to that motion, ECF No. 20. On July 21, 2025, Plaintiff filed a Motion for Partial Summary Judgment, ECF No. 22, to which the United States responded in opposition, ECF No. 25, and Plaintiff replied in support, ECF No. 26.

## II. DISCUSSION

### A. Motion to Substitute

The United States moves to substitute itself in this action for Hawkins. ECF No. 4. The Westfall Act provides that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of h[er] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a [federal] district court shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). "The United States's certification and substitution under the Westfall Act is conclusive absent some rebuttal by the plaintiff." *Palmer*

*v. U.S. Amateur Boxing, Inc.*, 4 F. Supp. 3d 779, 784 (E.D.N.C. 2014) (citing *Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997)).

Although Plaintiff does not rebut the Westfall Act certification in response to the United States' motion to substitute, he does object to it in his motion to remand, arguing that the certification "should be taken as nothing more than arbitrary and capricious" because the United States incorrectly stated in its Notice of Removal that Plaintiff's libel claim was based on Hawkins's Voluntary Statement and Statement of Charges, when in fact it was based only on the former. ECF No. 8, ¶ 3. Plaintiff further argues that Hawkins was not acting within the scope of her employment when she published either statement and that AUSA Corcoran's certification—which stated that Hawkins acted within the scope of her employment in making both statements—demonstrates both "his lack of understanding as to the basis for this action" and "abuse of authority." ECF No. 14 at 1, 5–6, 8–9; *see also* ECF No. 8 at 5–10, ¶ 7.

"When a plaintiff challenges a certification, the certification constitutes *prima facie* evidence that the federal employee was acting within the scope of his employment, and the burden shifts 'to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of h[er] employment.'" *Palmer*, 4 F. Supp. 3d at 784 (quoting *Martinez*, 111 F.3d at 1153). "A plaintiff meets this burden by coming forward with 'specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision.'" *Id.* (quoting *Martinez*, 111 F.3d at 1155). The plaintiff "must, at minimum, present or forecast evidence that shows that the conduct of the . . . employee[] at issue did not involve the type of work they were employed to perform, occurred outside authorized space and time or was purely personal in nature." *Doe v. Meron*, 929 F.3d 153, 165 (4th Cir. 2019) (citations omitted). To make this showing, "a plaintiff may rely on the pleadings, affidavits, or any other

supporting documentary evidence." *Id.* (citing *Martinez*, 111 F.3d at 1155). However, a plaintiff "cannot rely on conclusory allegations and speculation." *Id.* (citing *Martinez*, 111 F.3d at 1155).

Plaintiff fails to meet his burden. He asserts that Hawkins was not acting in the scope of her employment because the Voluntary Statement, which portrayed him as "aggressive, malicious, and barbaric[,]" was published solely for Hawkins' personal benefit, namely, to "mitigate[] her culpability and distract[] the reader from her misconduct." ECF No. 8 at 9. These assertions are entirely speculative and unsupported by any showing or proffer of evidence and, therefore, cannot overcome the *prima facie* evidence provided by government counsel's certification. Plaintiff argues that "it [is] nothing short of wild" that AUSA Corcoran's certification could be based on Hawkins' Statement of Charges, as she "pressed charges against [Plaintiff]" "while off duty and at her own accord . . . as a regular civilian[]" and was not acting pursuant to any actual or implied authorization from USPS or USPS policy. *Id.* at 6–7. This contention also fails to undermine the Westfall Act certification, as it, too, is unsupported by specific evidence. Moreover, Plaintiff has made clear that his libel claim is based not on the Statement of Charges, but rather on the Voluntary Statement, *see* ECF No. 8, ¶ 3, which Hawkins completed submitted to Postal Police—clearly within the scope of her employment. Because Plaintiff failed to meet his burden, the Court must uphold the Westfall Act certification and substitute the United States for Hawkins as the party defendant.

**B. Motion to Remand**

Plaintiff moves to remand this civil action to the Circuit Court for Baltimore City, Maryland. ECF No. 8. He avers that this Court lacks subject matter jurisdiction because Hawkins was not acting within the scope of her employment when she asserted falsities in her Voluntary Statement. *Id.* at 5–9. Plaintiff also argues that the Notice of Removal incorrectly identified the

basis for this civil action, as he only takes issue with Hawkins' Voluntary Statement, not her comments in the Statement of Charges. *Id.* at 3. He thus contends that the Westfall Act certification provided by AUSA Corcoran is "frivolous" and "absurd[]." *Id.* at 3, 5. The United States counters that certification under the Westfall Act "precludes a remand to the state court[,]" and therefore Plaintiff's motion necessarily fails. ECF No. 11 at 2–3 (quoting *Osborn v. Haley*, 549 U.S. 225, 243 (2007)).

The Westfall Act provides that "certification of the Attorney General shall *conclusively* establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2) (emphasis added). "Absent certification, § 2679(d)(3) directs that the case must be remanded to the state court in which the action commenced." *Osborn v. Haley*, 549 U.S. 225, 241–42 (2007). Based on "[t]he Act's distinction between removed cases in which . . . a scope-of-employment certification [has been issued]," and those in which one has not, the U.S. Supreme Court has concluded that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.* at 241; *see also id.* at 242 ("Were it open to a district court to remand a removed action on the ground that the Attorney General's certification was erroneous, the final instruction in § 2679(d)(2) would be weightless.").

As explained in Part II.A *supra*, the Westfall Act certification has not been challenged with any presentation or proffer of evidence by Plaintiff. Given the certification, the United States is the proper defendant, and Plaintiff's motion to remand must be denied.

**C. Motion to Dismiss**

The United States moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. For the reasons below, the Court shall grant the motion.

**1. Subject Matter Jurisdiction Under Rule 12(b)(1)**

In its motion to dismiss, the United States argues that Plaintiff failed to exhaust the administrative remedies provided by the USPS and that the intentional torts exception under the FTCA bars Plaintiff's libel claim. ECF No. 18-1 at 7–10. Both arguments are properly analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Maynor v. Mt. Washington Pediatric Hosp.*, 93 F. Supp. 3d 434, 436 (D. Md. 2015) ("Because the failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction over a plaintiff's claims, the exhaustion argument must be analyzed under Rule 12(b)(1) . . . ."); *Williams v. United States*, 50 F.3d 299, 304–05 (4th Cir. 1995) (exception to the FTCA is considered under Federal Rule of Civil Procedure 12(b)(1)). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "Dismissal for lack of subject matter jurisdiction is appropriate, however, 'only if the material jurisdictional facts are not in dispute' and the defendant is 'entitled to prevail as a matter of law.'" *Maynor*, 93 F. Supp. 3d at 437 (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Trump*, 416 F. Supp. 3d at 479 (citation modified). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269, at *2 (D. Md. Feb. 8, 2024). A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*,

416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citation modified); *see also U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (court may consider evidence outside the pleadings, such as affidavits).

The motion to dismiss in the instant case presents both factual and facial challenges to the Court's subject matter jurisdiction. The United States argues that the Complaint facially presents a claim over which the Court lacks jurisdiction under the FTCA and that Plaintiff's factual failure to exhaust administrative remedies deprives the Court of jurisdiction. Therefore, in addressing the the Government's exhaustion argument, the Court may consider matters outside the pleadings, and, in addressing its FTCA argument, the Court accepts the facts alleged in the Complaint as true.

The United States, "[a]s a sovereign, . . . is immune from all suits against it absent an express waiver of its immunity." *Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024) (quoting *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005)). Any waiver of sovereign immunity by the federal government must be "unequivocally expressed in statutory text, . . . and will not be implied[.]" *Lane v. Peña*, 518 U.S. 187, 192 (1996) (citations omitted). Waiver of sovereign immunity "is to be strictly construed, in terms of its scope, in favor of the sovereign ...." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). A plaintiff bears the burden of showing the existence of "an unequivocal waiver of sovereign immunity . . . ." *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 293 (4th Cir. 2024) (citing *Welch*, 409 F.3d at 651).

The FTCA "'waive[s] the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475–476 (1994)). The statute gives federal district courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA is "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernandez v. Mesa*, 589 U.S. 93, 111 (2020) (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010)).

However, before pursuing an FTCA claim for money damages, a plaintiff "must satisfy certain jurisdictional prerequisites." *Est. of Van Emburgh*, 95 F.4th at 800. The plaintiff must "first present[] the claim to the appropriate Federal agency and his claim [must] . . . be[] finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that Congress intended to require a complete exhaustion of administrative remedies before bringing an FTCA claim). When presenting his claim to the agency, "the plaintiff must state the sum they are seeking for their claim." *Est. of Van Emburgh*, 95 F.4th at 801 (citing 28 U.S.C. § 2675(b)). The plaintiff must then "wait either for the claim to be 'finally denied by the agency' or for the agency to fail 'to make final disposition of [the] claim within six months after it is filed.'" *Id.* (quoting 28 U.S.C. § 2675(a)). "[U]nder the FTCA, a court also lacks subject matter jurisdiction over a plaintiff's claims where a plaintiff has failed to exhaust his administrative remedies." *Hart v. Casey*, Civ. No. GJH-22-1216, 2022 WL 17989577, at *3 (D. Md. Dec. 28,

2022) (citing 28 U.S.C. § 2675(a) and *McNeil*, 508 U.S. at 113); *see also Est. of Van Emburgh*, 95 F.4th at 801 ("[E]ach of these three statutory requirements is jurisdictional.").

Here, there is no genuine dispute that Plaintiff failed to exhaust USPS's administrative remedies before bringing this claim. The United States has presented a declaration from Kimberly A. Herbst, a Tort Program and Adjudication manager within the USPS National Tort Center with full access to all records of the USPS Law Department. ECF No. 18-4. Herbst states that USPS maintains internal databases of claims filed against USPS for damage, injury, or death at both local and national levels, and that searches of these databases revealed no claim submitted by Plaintiff. *Id.* ¶¶ 3–6. Plaintiff does not allege exhaustion in his Complaint, *see generally* ECF No. 5, nor does he meet the evidence of his failure to exhaust with any evidence of exhaustion in his opposition to the Government's motion, *see generally* ECF No. 20. Plaintiff's failure to address whether he pursued any administrative remedy amounts to a concession that he did not pursue his claims through USPS before filing suit. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Borromeo v. Mayorkas*, No. 122CV00289PTGJFA, 2023 WL 2249966, at *5 (E.D. Va. Feb. 27, 2023) (citations omitted) ("A party's failure to respond to an argument made in a motion to dismiss constitutes a concession of that argument."). Because administrative exhaustion is a jurisdictional prerequisite to filing suit, *see also Est. of Van Emburgh*, 95 F.4th at 800–01, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

Even if Plaintiff had exhausted USPS administrative remedies, his libel claim would still be barred by sovereign immunity. "[T]he FTCA is a limited waiver of the government's sovereign

immunity." *Doe v. Meron*, 929 F.3d 153, 161 (4th Cir. 2019) (citing *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001)). The Act provides a number of exceptions to this limited waiver, including "any claim arising out of . . . libel[.]" 28 U.S.C. § 2680(h); *see also Khatami v. Compton*, 844 F. Supp. 2d 654, 664 (D. Md. 2012) (noting that the FTCA "expressly excludes" libel claims); *Cage v. NASA Goddard Space Flight Ctr.*, Civ. No. PX-18-3355, 2019 WL 3841928 at *4 (D. Md. Aug. 14, 2019) (recognizing that 28 U.S.C. § 2680(h) excludes libel claims "from its sovereign immunity waiver"). District courts lack jurisdiction to adjudicate tort claims against the United States "that fall outside the [FTCA's] purview." *Evans v. United States*, 105 F.4th 606, 612 (4th Cir. 2024). Here, Plaintiff's claim is plainly for libel. *See* ECF No. 5 at 3–5. As the FTCA bars libel claims in no uncertain terms, the claim must be dismissed for lack of subject matter jurisdiction.

For each of the foregoing reasons, Plaintiff's Complaint must be dismissed without prejudice for lack of subject matter jurisdiction.[3]

**2. Failure to State a Claim Under Rule 12(b)(6)**

The United States also moves to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for "failure to state a claim upon which relief can be granted[.]"

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal pleading rules "do not countenance

[3] Because this Court lacks subject matter jurisdiction, it cannot enter summary judgment in Plaintiff's favor. Therefore, his summary judgment motion must be dismissed.

dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of h[er] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). While a complaint need not include "detailed factual allegations," it must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (citation omitted). "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012). Because "motion[s] to dismiss test[] the sufficiency of a complaint," courts assessing such motions are "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). But a court may also "consider documents that are explicitly incorporated into the complaint by reference," documents "attached to the

complaint as exhibits," and documents attached to a motion to dismiss so long as they are "integral to the complaint and authentic." *Id.* at 166 (citations omitted).

Courts must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a civil complaint by a self-represented plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King*, 825 F.3d at 214).

Plaintiff's Complaint alleges libel, a tort claim founded in state law. *See Cannon v. Peck*, 36 F.4th 547, 559 (4th Cir. 2022) (citing *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999)). For FTCA claims, "[s]tate law, not federal law, serves as the source of substantive liability[.]" *Neal v. United States*, 599 F. Supp. 3d 270, 289 n.21 (D. Md. 2022). To state a claim for defamation under Maryland law, a plaintiff "must sufficiently allege '(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" *Harvey v. Cable News Network, Inc.*, 520 F. Supp. 3d 693, 713 (D. Md. 2021) (citing *Rabinowitz v. Oates*, 955 F. Supp. 485, 488 (D. Md. 1996)).

The Complaint in this case fails to state a plausible claim for relief because the facts alleged are insufficient to satisfy the elements of libel under Maryland law. While Plaintiff asserts that

Hawkins's Voluntary Statement was less "forthcoming and truthful" in comparison to her Statement of Charges, *see* ECF No. 5 at 4, he fails to identify any specific facts in the Voluntary Statement that he contends are false or explain what makes them false. Additionally, the Voluntary Statement is a communication "arising out of the employer-employee relationship" between Hawkins and the Postal Police and, therefore, "clearly enjoy[s] a qualified privilege[]" under Maryland law.[4] *McDermott v. Hughley*, 561 A.2d 1038, 1046 (Md. 1989) (citing *Gen. Motors Corp. v. Piskor*, 352 A.2d 810 (Md. 1976)). The qualified privilege may be lost "if the plaintiff can demonstrate that the publication is made for a purpose other than to further the societal interest entitled to protection, Restatement (Second) Torts § 603, or can prove malice on the part of the publisher." *Id.* at 1047. Here, there is no indication that Hawkins made the Voluntary Statement for any purpose other than to report a workplace altercation. Although Plaintiff claims in conclusory fashion that the Voluntary Statement was written with "obvious malice," ECF No. 5 at 4, Plaintiff does not provide any facts to support any reasonable inference that the statement was malicious. To the contrary, the Complaint states that "[t]he Postal Police normally issues Voluntary Statement forms to civilians/USPS employees to write their account of an incident they were involved in for subsequent use by the Postal Police or USPIS." *Id.* at 2. It is therefore unclear how Hawkins's writing of an incident report following an altercation with a co-worker in the workplace amounts to malice. In sum, accepting all allegations in the Complaint as true, and construing it liberally, the Complaint ultimately fails to state a plausible libel claim. Therefore, it is subject to dismissal under Rule 12(b)(6).[5]

---

[4] Plaintiff is correct in his argument that Md. Code Ann. Lab. & Empl. § 8-105 does not apply to the case at hand. *See* ECF No. 20 at 16. However, communications between employees and employers are still considered privileged under Maryland law, as explained *supra*.

[5] Although Plaintiff alleges additional facts related to his libel claim in his response to the United States' Motion to Dismiss, ECF No. 20, it is well-established that only the facts alleged in the Complaint

## III. ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland hereby ORDERED that the Government's Motion for Enlargement of Time (ECF No. 3) is GRANTED *nunc pro tunc*, its Motion to Substitute (ECF No. 4) and Motion to Dismiss (ECF No. 18) are GRANTED, and Plaintiff's Motion to Remand (ECF No. 8) and Motion for Partial Summary Judgment (ECF No. 22) are DENIED.

The Complaint is DISMISSED without prejudice. The Clerk SHALL SUBSTITUTE the United States of America for Monique Hawkins as the defendant in this case, SHALL CLOSE the case, and SHALL SEND a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

August 12, 2026
Date

/S/
Matthew J. Maddox
United States District Judge

can be considered when deciding a Rule 12(b)(6) motion. *See Bagby v. Prince George's Cnty.*, Civ. No. RWT 12-537, 2012 WL 3867329 at *4 (D. Md. Sept. 5, 2012) ("When deciding a motion to dismiss under Rule 12(b)(6), courts may only consider the facts contained in plaintiff's complaint."). "[A] plaintiff cannot amend his complaint by asserting new facts or exhibits in an opposition to a motion to dismiss." *Lindsey-Grobes v. United Airlines, Inc.*, Civ. No. GJH-14-00857, 2014 WL 5298030, at *5 (D. Md. Oct. 14, 2014) (citations omitted).